**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DAVID OLOWU,                         :
                                        Civil Action No. 09-0956 (SDW)
                Petitioner,         :

                v.                  :   **OPINION**

ANNE MILGRAM, et al.,               :

                Respondents.        :


**APPEARANCES:**

Petitioner pro se
David Olowu
16913 Freedom Way
Rockville, MD 20853


**WIGENTON,** District Judge

    Petitioner David Olowu has submitted a petition for a writ
of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  The respondents
are the Attorney General of New Jersey, the Chief Justice of New
Jersey, and Essex County Assistant Prosecutor LeeAnn Cunningham.

    For the reasons set forth below, this Court dismiss the
Petition for lack of jurisdiction.  See 28 U.S.C. § 2243.

────────────────

    [1] Section 2254 provides in relevant part:

    (a) The Supreme Court, a Justice thereof, a circuit
    judge, or a district court shall entertain an
    application for a writ of habeas corpus in behalf of a
    person in custody pursuant to the judgment of a State
    court only on the ground that he is in custody in
    violation of the Constitution or laws or treaties of
    the United States.

I.  <u>BACKGROUND</u>

On December 10, 1993, Petitioner was charged under Essex County Accusation No. 93-12-1170 with third-degree terroristic threats, N.J.S.A. 2C:12-3a (Count One), and third-degree threats in official matters, N.J.S.A. 2C:27-3a(2) (Count Two).  On the same day, Petitioner entered into a negotiated plea agreement and pled guilty to Count Two in exchange for the State's recommendation of a custodial sentence, not to exceed 364 days, as a condition of probation, and dismissal of Count One.

On December 17, 1993, Petitioner was sentenced to a period of two years' probation, conditioned upon serving 364 days in Essex County Jail.  In addition, Petitioner was directed to pay a fine of $1,000 at the rate of $100 per month, find and continue in gainful employment, undergo psychiatric/psychological counseling and not have any contact with the victim.

On April 14, 1994, Petitioner appealed the sentence as excessive.  On April 29, 1996, the Superior Court of New Jersey, Appellate Division, dismissed the appeal as moot, Petitioner having been released from custody.  <u>State v. Olowu</u>, No. A-1815-95T4 (N.J. Super. App.Div. April 29, 1996).

On August 21, 1996, Petitioner filed his state petition for post-conviction relief (PCR).  The PCR court denied relief on June 28, 2006.  The Appellate Division affirmed the denial of relief on October 11, 2007.  <u>State v. Olowu</u>, No. A-6177-05T2,

2007 WL 2947643 (N.J. Super. App.Div.  Oct. 11, 2007).  The Supreme Court of New Jersey dismissed the appeal on February 28, 2009.  <u>State v. Olowu</u>, 194 N.J. 260 (2008).

This Petition, dated February 28, 2009, followed. Petitioner alleges that the sentencing judge was biased against him, in violation of his due process rights.  He contends that he was not arraigned timely and that he was held pursuant to an excessive bail.  He alleges that his guilty plea was not voluntary.  Petitioner also alleges that the Law Division erred in finding that it lacked jurisdiction over Petitioner's tort claims.

Petitioner seeks an order from this Court directing the Respondent Chief Judge to enter in his court's published records the illegality of Petitioner's conviction.  He also asks this Court to grant equitable relief and monetary damages with respect to Petitioner's 42 U.S.C. § 1983 claims against the Respondents, based upon the allegations described above.

II.  <u>STANDARDS FOR A SUA SPONTE DISMISSAL</u>

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

### III.  ANALYSIS

Pursuant to 28 U.S.C. § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (Emphasis added.)  A federal court has no jurisdiction to entertain a habeas petition unless the petitioner meets this "in custody" requirement.  Indeed, as the Court of Appeals for the Third Circuit has put it, "custody is the passport to federal

4

habeas corpus jurisdiction." <u>United States ex rel. Dessus v.</u>
<u>Commonwealth of Pennsylvania</u>, 452 F.2d 557, 560 (3d Cir. 1971),
<u>cert</u>. <u>denied</u>, 409 U.S. 853 (1972).

    The Supreme Court's most recent extensive discussion of the
"in custody" requirement is set forth in <u>Maleng v. Cook</u>, 490 U.S.
488 (1989).  In that case, the habeas petitioner (hereafter
referred to as "petitioner" although he appeared in the posture
of respondent before the Supreme Court) sought to attack a 1958
conviction for robbery imposed by a Washington state court.  In
1985, while confined in federal prison on an apparently unrelated
federal conviction, the petitioner filed his habeas challenge to
the 1958 Washington conviction, arguing that he had not been
given a competency hearing in that case.  Although the
petitioner's 1958 conviction had fully expired by 1978, he
alleged that it had been used to enhance sentences imposed in
1978 for subsequent Washington convictions.  Due to his federal
sentence, petitioner had not yet begun to serve his 1978
Washington sentences at the time he filed his habeas petition in
1985.  <u>Maleng v. Cook</u>, 490 U.S. at 489-90.

    The Court noted that the relevant language of 28 U.S.C.
§ 2254(a) generally requires "that the habeas petitioner be 'in
custody' under the conviction or sentence under attack at the
time his petition is filed," <u>citing</u> <u>Carafas v. LaVallee</u>, 391 U.S.
234, 238 (1968).  Further, the Court explained that "custody" is

defined not only as physical confinement, but would include circumstances entailing such limitations on a person's liberty as those imposed during parole.  Maleng, 490 U.S. at 491; see also Hensley v. Municipal Court, 411 U.S. 345 (1973) (habeas petitioner released on own recognizance, but who suffered restraints on freedom of movement not shared by public generally, met "in custody" requirement).  Nonetheless, the Court noted that it has "never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed." Maleng, 490 U.S. at 491.

Here, Petitioner was released from custody some time before April 1996, when the Appellate Division dismissed as moot Petitioner's appeal of his sentence.  Similarly, the sentence of probation was scheduled to expire in December 1995, and Petitioner has not alleged any different result.  Accordingly, Petitioner does not allege any facts that would permit this Court to find that he was "in custody" at the time he filed this Petition.  Indeed, Petitioner has not sought relief in the form of "release."  Accordingly, this Petition must be dismissed for lack of jurisdiction.

As Petitioner is not in custody for purposes of 28 U.S.C. § 2254, there is no reason to issue the notice required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

In addition, this Court lacks jurisdiction in habeas to consider Petitioner's § 1983 claims.  See 28 U.S.C. § 2254.  Such claims must be brought as civil actions subject to the $350 filing fee.[2]  See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 494, 498-99 (1973).  Accordingly, all civil rights claims for equitable relief and damages must be dismissed from this habeas action without prejudice for lack of jurisdiction.[3]

---

[2] Petitioner has neither prepaid the $350 filing fee for a civil action nor applied for leave to proceed in forma pauperis.

[3] As it does not appear that Petitioner could pursue any civil rights actions based upon the facts alleged in the Petition, this Court will not sever the civil rights claims and open a separate civil action, subject to payment of the filing fee.  For instance, Petitioner has alleged no facts suggesting that Attorney General Anne Milgram participated in his prosecution in any manner.  There is no vicarious liability in § 1983 actions.  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

In addition, Petitioner has alleged no facts that would suggest that Attorney General Anne Milgram or Assistant Prosecutor LeeAnn Cunningham acted in any other capacity than as an advocate for the state in a criminal prosecution; accordingly, these defendants appear to be immune from any suit for damages.  See, e.g., Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993); Imbler v. Pachtman, 424 U.S. 409, 410 (1976).

In addition, as a general rule, judges acting in their judicial capacity are absolutely immune (in both their individual and official capacities) from suit for monetary damages under the doctrine of judicial immunity.  See Mireles v. Waco, 502 U.S. 9, 9 (1991).  Allegations that actions were undertaken with an improper motive diminishes neither their character as judicial actions nor the judge's immunity.  See Forrester v. White, 484 U.S. 219, 227 (1988).

Finally, all civil rights claims appear to be untimely. Civil rights claims are best characterized as personal injury

V.  <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be dismissed.  An appropriate order follows.


<u>S/Susan D. Wigenton</u>
Susan D. Wigenton
United States District Judge

Dated: September 9, 2009

---

actions and are governed by the applicable state's statute of limitations for personal injury actions.  <u>See</u> <u>Wilson v. Garcia</u>, 471 U.S. 261, 280 (1985).  Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Petitioner's claims.  <u>See</u> <u>Montgomery v. DeSimone</u>, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); <u>Cito v. Bridgewater Township Police Dept.</u>, 892 F.2d 23, 25 (3d Cir. 1989).  Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. <u>Cito</u>, 892 F.2d at 25; <u>accord</u> <u>Brown v. Foley</u>, 810 F.2d 55, 56 (3d Cir. 1987).  Petitioner has alleged no facts that would suggest any grounds for statutory or equitable tolling.